**Dharmesh Balubhai PATEL,
Petitioner,**

**v.**

**Loretta E. LYNCH, Attorney
General, Respondent.**

**No. 14–72648**

United States Court of Appeals,
Ninth Circuit.

Submitted August 16, 2016 *

FILED August 23, 2016

Inna Lipkin, Esquire, Counsel, Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

*See* Fed. R. App. P. 34(a)(2).

Sunah Lee, Trial Attorney, OIL, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Dharmesh Balubhai Patel, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and we review de novo due process claims, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

The BIA did not abuse its discretion in denying Patel's motion to reopen as untimely, where the motion was filed almost two years after the agency's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Patel failed to establish material changed circumstances in India to qualify for the regulatory exception to the filing deadline, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Najmabadi*, 597 F.3d at 991–92 (evidence must be "qualitatively different" to warrant reopening). We reject Patel's contentions that the BIA's analysis was deficient. *See Najmabadi*, 597 F.3d at 990 (the BIA does not have to write an exegesis on every contention). We also reject Patel's contention that the denial of his motion to reopen consti-

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

tutes a due process violation. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on due process claim).

### PETITION FOR REVIEW DENIED.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-